15 MAG 0264

Approved: _____
ELI J. MARK/REBECCA MERMELSTEIN
Assistant United States Attorneys

Before:  THE HONORABLE SARAH NETBURN
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :   SEALED COMPLAINT

        - v. -                      :   Violation of
                                        21 U.S.C. §§ 812,
JORGE LEYVA,                        :   841(a)(1), 841(b)(1)(C);
                                        18 U.S.C. § 924(c);
             Defendant.             :
                                        COUNTY OF OFFENSE:
                                        BRONX

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    SHANE GUGLIUCCIELLO, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE

    1.  On or about January 6, 2015, in the Southern District of New York, JORGE LEYVA, the defendant, unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of crack cocaine.

    (Title 21, United States Code, Section 812, 841(a)(1), and 841(b)(1)(C).)

### COUNT TWO

    2.  On or about January 6, 2015, in the Southern District of New York, JORGE LEYVA, the defendant, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the offense charged in Count One of this Complaint, did use and carry a firearm, and, in furtherance

of such crime, did possess a firearm, to wit, a loaded .25 caliber Phoenix Arms model Raven semi-automatic handgun.

(Title 18, United States Code, Section 924(c)(1)(A).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3.   I am a Detective with the New York City Police Department ("NYPD") and have been personally involved in the investigation of this matter.  I have been employed by the NYPD for approximately 16 years and am currently assigned to the Bronx Gangs Unit. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.   Based on my conversations with two Detectives ("Detective-1" and "Detective-2") with the NYPD, who participated in the arrest of JORGE LEYVA, I have learned, among other things, the following:

a.   On or about January 6, 2015, Detective-1 and Detective-2 and a Sergeant with the NYPD (collectively, the "Officers") were in an unmarked vehicle (the "Vehicle") in the vicinity of University Avenue and 183rd Street in the Bronx, New York.  The Officers were participating in a standard patrol of the area because of its high gang and drug activity.

b.   The Officers observed LEVYA walking on University Avenue and that LEVYA was frequently looking over his shoulder.  The Officers observed LEVYA enter a building on University Avenue.

c.   The Officers later observed LEYVA exit the building on University Avenue and proceed to jaywalk across University Avenue and head directly towards the Vehicle.

d.   Detective-1 stepped out of the Vehicle and identified himself as a law enforcement officer. LEYVA then immediately ran northbound on University Avenue.

2

e.  The Officers chased LEYVA, on foot. Once the Officers caught LEVYA, Detective-1 placed LEYVA in handcuffs, and Detective-2 conducted a protective frisk. During this process, LEVYA said, in sum and substance, that he only had marijuana on his person.

f.  During the frisk, Detective-2 found a firearm in LEVYA's right jacket pocket and Detective-1 recovered a plastic bag containing a white, rock-like substance (the "Bag") from inside the front waistband of LEYVA's pants. LEYVA was then arrested.

g.  At the police station, LEYVA made a written statement, in substance and in part, that "I got robbed at gun point[.]  20 min Later this really nice cops stop me and found a weapon on me[.]  I have all the best things happing [sic] to me for my caree [sic] and I [sic] mistake changed it all."

5.  Based on my review of NYPD records prepared in connection with the arrest of JORGE LEYVA, the defendant, I have learned that the firearm LEYVA was carrying was a loaded .25 caliber Phoenix Arms model Raven semi-automatic handgun.

6.  Based on my review of a Substance Analysis Report prepared by the NYPD laboratory, I know that the substance contained in the Bag was approximately 15 grams of crack cocaine.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of JORGE LEYVA, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

DET. _____ #413/
Detective Shane Gugliucciello
New York City Police Department

Sworn to before me this
29th day of January, 2015

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3